**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES L. BOLDEN,

      Plaintiff-Appellant,

v.

CITY OF TOPEKA,

      Defendant-Appellee.

No. 08-3139
(D.C. No. 2:02-CV-02635-KHV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

James L. Bolden bought two properties in Topeka, Kansas, at a tax sale.

The City of Topeka found the structures located on these properties unfit for

human habitation, and demolished them. In this action Mr. Bolden seeks damages

for the demolitions, charging that the City's actions deprived him of property

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rights protected by substantive due process. The district court held a bench trial on his substantive-due-process claim, and ruled in favor of the City. He appeals.

The demolitions were performed in accordance with a Topeka municipal ordinance that requires an owner to remove or demolish a structure if it is unfit for human use or habitation and if it cannot be repaired at a cost of 15% or less of its replacement value. Topeka Code, art. XI, § 26-551(a)(2) (1998). In this appeal Mr. Bolden raises both a broad challenge and a narrow challenge to the ordinance. His broad challenge asserts that schemes like Topeka's, which require an owner to destroy an uninhabitable structure rather than repair it when the repair cost exceeds a threshold percentage of the structure's value, are arbitrary, unnecessary, and bear no rational relationship to public safety. His narrow challenge asserts that the 15% threshold contained in this particular ordinance is arbitrarily low and therefore lacks a rational relationship to public safety.

We affirm the judgment in favor of the City. Mr. Bolden fails to show that he preserved the broad challenge by presenting it at trial. We therefore consider only his narrow challenge to the ordinance. That narrow challenge fails, because he has failed to show that the City's choice of a 15% threshold bears no rational relationship to a legitimate public purpose.

# BACKGROUND

A Kansas statute authorizes municipalities to adopt ordinances relating to structures unfit for human use or habitation. Kan. Stat. Ann. § 17-4759(b). Such ordinances are required to include provisions under which a public officer, after notice and a hearing, shall determine whether a structure is unfit for human use or habitation. *Id.* If the officer finds that it is unfit, and that "the repair, alteration or improvement of the structure cannot be made at a reasonable cost in relation to the replacement value of the structure," the officer then issues an order that "requires the owner, within the time specified in the order, to remove or demolish such structure." *Id.* § 17-4759(b)(3)(B). The statute further provides that "[t]he ordinance of the municipality shall fix a certain percentage of such cost as being reasonable." *Id.*

Acting in accordance with this statute, the City in 1998 amended its existing ordinance relating to unsafe structures to read in part as follows:

> (a) After notice and hearing under this article, if the administrative hearing officer determines that the structure under consideration is unfit for human use or habitation or otherwise endangers the life, health, property or safety of its inhabitants or the public, the administrative hearing officer shall state in writing the findings of facts in support of such determination and shall issue and cause to be served upon the owner thereof an order which [provides that]:

> (1) If repair, alteration or improvement of the structure can be made at a reasonable cost in relation to the value of the structure, which cost shall not exceed 15 percent of the replacement value of such structure as established by the Shawnee County Appraiser, the owner of the structure shall, within the time specified in the order, repair,

-3-

alter or improve such structure to render it fit for human use or habitation; or

(2)  If the repair, alteration or improvement of the structure cannot be made at a reasonable cost in relation to the replacement value, that is to say, 15 percent or less of the replacement value of such structure, which percentage is hereby deemed to be a reasonable standard by which to require either repair, alteration or improvement, or removal or demolition, the owner shall within the time specified in the order remove or demolish such structure.

Topeka Code § 26-551(a) (1998).

The properties in question are located at 1146 S.W. Washburn and 421 S.W. Tyler in Topeka.  Mr. Bolden purchased them at a Shawnee County, Kansas, tax sale on August 29, 2001.  On August 10, 2001, before Mr. Bolden purchased the properties, an administrative hearing officer determined that the house on the Washburn property was unfit for human use or habitation and that it could not be repaired, altered or improved at a reasonable cost in relation to its value.  He therefore ordered that the house and all outbuildings on the property be removed or demolished within 30 days.

After he purchased the Washburn property and learned that the City planned to demolish it, Mr. Bolden requested a hearing to appeal the demolition order.  An administrative hearing officer held a hearing, determined that Mr. Bolden had no evidence of ability or plans to repair or rehabilitate the Washburn property, and affirmed the demolition order.  Mr. Bolden sought an

-4-

injunction in state district court but he was unsuccessful and the City demolished the house on the Washburn property in January 2003.

Meanwhile, on March 18, 2002, the City held an administrative hearing concerning the structures on the Tyler property. An administrative hearing officer again found that the structures located on the property were unfit for human use or habitation and that the house could not be repaired, altered, or improved at a reasonable cost in relation to its value. He ordered that the structures be removed or demolished within 30 days. In February 2003, after a state district court denied an injunction to prevent the demolition, the City demolished the house on the Tyler property.

Mr. Bolden filed his complaint in this case in federal district court in December 2002. As originally conceived, the case had a much wider scope than it does now. Mr. Bolden's second amended complaint, filed on August 15, 2003, included claims relating to his janitorial contracts with the City, discrimination claims relating to rehabilitation of his properties, and various other constitutional and statutory claims, including challenges to the demolitions. The district court dismissed or granted partial summary judgment on all claims in the complaint except for Mr. Bolden's claim that his janitorial contract was terminated in retaliation for his protected speech. That claim went to a jury, which ruled in favor of the City.

In a prior appeal we affirmed in part the district court's rulings against Mr. Bolden, reversed in part, and remanded for further proceedings. *See Bolden v. City of Topeka*, 441 F.3d 1129, 1152 (10th Cir. 2006). The parties stipulated on remand that Mr. Bolden's claims would be reduced to a single, remaining claim: a substantive-due-process challenge to the City's exercise of its police powers in demolishing his property. On March 11, 2008, the district court held a bench trial on this claim.

In its memorandum and order granting judgment to the City on this remaining claim, the district court noted that Mr. Bolden "does not challenge the notion that the City may deem certain properties uninhabitable and utilize a percentage cost of repair to decide whether to order repair or demolition of those properties." Aplt. App. at 77 n.9. Rather, his challenge was "premised on the argument that the 15 per cent demolition threshold in Section 26-551 of the City['s] unsafe structures code was not related to [its] legitimate government interest" in protecting the public from unsafe structures. *Id.* at 76-77.

The district court ruled that although it was not the City's burden to present evidence of a rational basis for the 15% demolition threshold, the City had in fact done so. The City showed that it had considered several different threshold percentages, including those both higher and lower than the 15% threshold, before adopting the 15% threshold as a balance between protecting a property owner's rights and encouraging regular upkeep of structures. Also, the City's enforcement

program relied primarily on exterior inspections of premises, reasoning that if the exterior disclosed damage in excess of 15%, the additional damage to the interior was probably also significant. If a higher threshold than 15% were adopted, the City might have to conduct interior inspections to verify the overall level of damage, altering its inspection scheme. The district court concluded that Mr. Bolden had failed to undermine all rational explanations for the 15% demolition threshold and therefore should take nothing on his claim against the City.

## ANALYSIS

"We review the district court's legal conclusions in a bench trial de novo; findings of fact will not be set aside unless clearly erroneous." *Ryan v. Am. Natural Energy Corp.*, 557 F.3d 1152, 1157 (10th Cir. 2009). Whether a challenged ordinance complies with substantive due process is a question of law that we review de novo. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.* 526 U.S. 687, 753-54 (1999) (Souter, J., concurring in part and dissenting in part); *FM Props. Operating Co. v. City of Austin*, 93 F.3d 167, 172 n.6 (5th Cir. 1996).

Our review of legislation for substantive-due-process violations is highly deferential. *Okla. Educ. Ass'n v. Alcoholic Beverage Laws Enforcement Comm'n*, 889 F.2d 929, 935 (10th Cir. 1989).

> When local economic or social regulation is challenged as violating substantive due process, courts consistently defer to legislative determinations as to the desirability of particular statutory schemes. Unless a state law trammels fundamental personal rights, we are to presume that state legislatures have acted within their constitutional power and are to require only that the law bears a reasonable relation to the state's legitimate purpose.

*Id.* (internal quotation marks omitted).

An ordinance complies with substantive due process under the rational-basis test if there is any conceivable rational relationship between the ordinance and the government's stated purpose. *See Powers v. Harris*, 379 F.3d 1208, 1216-17 (10th Cir. 2004) (discussing rational-basis test in connection with equal-protection claim). Because Mr. Bolden did not argue that the ordinance deprived him of a fundamental right, the district court properly applied this rational basis test to his claim.

> As noted, in this appeal Mr. Bolden makes the broad argument that
>
> statutes and ordinances which have *any* mandated threshold for the demolition of an uninhabitable structure, regardless of the repair costs for that threshold, violate due process in that they are arbitrary, unnecessary and bear no rational relationship to the purpose of eliminating the menace that these structures pose to the public health and safety, when the conditions which make that structure a menace to the public health and safety can be remedied by repairs.

Aplt. Opening Br. at 18 (emphasis added). He made a similar argument to the district court at the summary-judgment stage, but he conceded that the district court need not decide this broader issue, and it does not appear that he preserved this argument for appellate review by presenting it at trial. As stated previously,

the district court determined that Mr. Bolden "does not challenge the notion that the City may deem certain properties uninhabitable and utilize a percentage cost of repair to decide whether to order repair or demolition of those properties." Aplt. App. at 77 n.9.

Although he cites to the trial transcript in his brief, Mr. Bolden has not provided us with a transcript so that we might verify what arguments he made to the district court at trial. The record does, however, contain the final pretrial order. This order indicates that by the time of trial, Mr. Bolden focused narrowly on the 15% demolition threshold. In his statement of contentions for trial, he said:

> Plaintiff's position is . . . very simple and straightforward--destroying plaintiff's property without compensation or the opportunity to repair and abate *on the extraordinarily low threshold finding that the cost of repairs would exceed 15% of the replacement value* is arbitrary, unreasonable, and bears no rational relationship to the City's legitimate interest in public health and safety. This violation of substantive due process rights caused damage to plaintiff in the loss of property, loss of income, loss of investment, and incurred expenses.

R. doc. 182 at 10 (emphasis added).

It is Mr. Bolden's responsibility in this court to establish that he made his broader argument to the district court at trial. *See* 10th Cir. R. 28.2(C)(2) ("For each issue raised on appeal, all briefs must cite the precise reference in the record where the issue was raised and ruled on."). We do not consider claims that a party failed to preserve at trial. *See O'Connor v. City & County of Denver*,

894 F.2d 1210, 1214 (10th Cir. 1990). We will therefore not consider

Mr. Bolden's broad challenge to the Topeka ordinance.[1]

Turning to the narrow issue, we consider whether the 15% demolition

threshold bears a rational relationship to Topeka's legitimate purpose of

protecting the public from unsafe structures. For essentially the same reasons

cited by the district court, we conclude that it does. As the district court noted,

"the [Topeka City] council found 15 per cent to be an appropriate demolition

threshold because that percentage afforded significantly more property rights to

home owners than the 10 per cent threshold [which it also considered] and created

more motivation to maintain habitable property than the 25 per cent threshold

[which it considered] -- a threshold which would not have significantly increased

property rights." Aplt. App. at 78. Under rational-basis review, this court is in

---

[1] This court has discretion based upon the circumstances of an individual case to address an argument that was not presented in district court. *United States v. Jarvis*, 499 F.3d 1196, 1201-02 (10th Cir. 2007). But this is not a case that warrants the exercise of our discretion to hear the omitted issue. Had Mr. Bolden pursued at trial the argument that *any* percentage-based restraint on a property owner's right to repair his property was unconstitutional, the City could have explored further its defense that he could not have performed such repairs in a timely fashion in any event. The administrative hearing officer found, concerning the Washburn property, that Mr. Bolden had not provided a proposed schedule or demonstrated the financial ability to make the necessary repairs. The state court also made a finding that he had been given an opportunity to make repairs on both properties and had failed to make them. Unless Mr. Bolden was in a financial position to repair the properties on a timely basis, he could hardly complain that the challenged ordinance deprived him of the opportunity to do so. In this circumstance it would be unfair to the City to allow Mr. Bolden to present this argument on appeal.

no position to second-guess this legislative judgment. *See Powers*, 379 F.3d at 1217.

## CONCLUSION

The judgment of the district court is AFFIRMED. Mr. Bolden's motion to file his reply brief out of time is GRANTED.

Entered for the Court


Harris L Hartz
Circuit Judge